IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVELLA MORRIS and NOEL CORD, *on behalf of themselves and others similarly situated*, | : CIVIL ACTION  :  : NO. _____ |
| Plaintiffs, | : |
| v. | : CLASS/COLLECTIVE ACTION |
| PUBLIC HEALTH MANAGEMENT CORPORATION and TURNING POINTS FOR CHILDREN, | : JURY TRIAL DEMANDED  :  :  : |
| Defendants. | : |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Marvella Morris ("Morris") and Noel Cord ("Cord") bring this lawsuit against Public Health Management Corporation ("PHMC") and Turning Points for Children ("Turning Points"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq. Plaintiffs' FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while their PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Morris resides at 713 Waterview Lane, Philadelphia, PA 19154.

5. Cord resides at 6643 Blakemore Street, Philadelphia, PA 19119.

6. Morris and Cord are referred to collectively as "Plaintiffs."

7. PHMC is a corporate entity headquartered at 1500 Market Street, Philadelphia, PA 19102. According to its website, PHMC "is the parent company to smaller nonprofits, called PHMC Affiliates[, which] offer a broad array of programs spanning behavioral health/recovery, nurse-managed primary care, chronic disease management and prevention, tobacco control, obesity prevention, early intervention, HIV/AIDS, violence intervention, homeless health services, parenting supports for families, and much more, plus the research and evaluation that allow us to assess and target health issues effectively." See http://www.phmc.org/site/programs-affiliates.

8. Turning Points is a corporate entity headquartered at 4329 Griscom Street, Philadelphia, PA 19124. According to PHMC's website, Turning Points is "an accredited human services agency [that] joined PHMC as an affiliate in March 2013." See http://www.phmc.org/site/affiliates/turning-points-for-children. In particular, Turning Points:

> offers innovative programs that nurture families with children who are struggling against difficult economic and environmental odds. Programming includes after-school family programs, teen parent education and assistance to relative caregivers and in-home services for vulnerable children who may be at imminent risk of child abuse or neglect.

Id.

9. PHMC and Turning Points are referred to collectively as "Defendants."

10. Plaintiffs are employees covered by the FLSA and PMWA.

11. Defendants are employers covered by the FLSA and PMWA.

2

## FACTS

12.     Plaintiffs have been jointly employed by PHMC and Turning Points to provide various social services to children and families in Philadelphia's foster care system. In particular, Morris is currently employed in the position of Case Manager, while Cord recently resigned from the position of Outcome Specialist.

13.     The Case Manager and Outcome Specialist positions carry no managerial or supervisory responsibilities and do not require any involvement in or knowledge of Defendants' general business operations.

14.     The Case Manager and Outcome Specialist positions do not require a Masters Degree.

15.     The Case Manager position does not require specialized academic training. For example, Case Managers have Bachelor's Degrees in fields as varied as criminal justice, psychology, sociology, and communications.

16.     The Outcome Specialist position does not require specialized academic training. For example, a December 2013 job posting for the position allowed the successful applicant to have a degree in fields "including but not limited to sociology, psychology, counseling, criminal justice, education, divinity, or public health administration."

17.     Case Managers and Outcome Specialists currently are paid annual salaries of approximately $43,000.

18.     Case Managers and Outcome Specialists regularly work over 40 hours per week, and many of their work hours are spent performing routine tasks such as completing paperwork and traveling between client homes. In particular, Morris typically works approximately 60-70 hours per week, while Cord typically worked approximately 50 hours per week.

19. Plaintiffs and other Case Managers and Outcome Specialists do not receive any overtime premium compensation for hours worked over 40 per week.

20. In failing to pay the overtime premium to Plaintiffs and other Case Managers and Outcome Specialists, Defendants have willfully violated the FLSA.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and bring their PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. They sue on behalf of all Case Managers and Outcome Specialists employed by Public Health Management Corporation and/or Turning Points for Children during any week within the past three years.

22. Plaintiffs' FLSA claim should proceed as a collective action because Plaintiffs and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

23. Class action treatment of Plaintiffs' PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

24. The class, upon information and belief, includes over 50 individuals, all of whom are readily ascertainable based on Defendants' payroll records and are so numerous that joinder of all class members is impracticable.

25. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiffs and their lawyers will fairly and adequately represent the class members

4

and their interests.

27. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

31. Defendants violated the FLSA by failing to pay Plaintiffs and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

32. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40

per week. *See* 43 P.S. § 333.104(c).

35. Defendants violated the PMWA by failing to pay Plaintiffs and the Rule 23 class members overtime premium compensation for all hours worked over 40 per week.

## **JURY DEMAND**

Plaintiffs demand a jury trial as to all claims so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the class/collective, seek the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: October 17, 2017

Respectfully,

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiffs' Counsel*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

Marcella O Monir
_____
Name (Please Print Clearly)

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Name (Please Print Clearly)

Noel Cord