IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVELLA MORRIS and NOEL CORD, on behalf of themselves and others similarly situated,<br>　　　　　　　　Plaintiffs,<br>　　v.<br>PUBLIC HEALTH MANAGEMENT CORPORATION and TURNING POINTS FOR CHILDREN,<br>　　　　　　　　Defendants. | 2:17-cv-04620-AB |

**PLAINTIFFS' UNOPPOSED MOTION**
**FOR APPROVAL OF THE SETTLEMENT**

　　Marvella Morris and Noel Cord ("Originating Plaintiffs") and Public Health Management Corporation and Turning Points for Children ("Defendants") have agreed to settle this Fair Labor Standards Act ("FLSA") collective action lawsuit. A copy of the fully-executed settlement agreement accompanies this motion.[1] The settlement requires Defendants to pay a total of $643,000 plus any settlement administration fees and employer-side taxes associated with the settlement payments. If the Court approves the undersigned's request for $197,190 in attorney's fees/expenses and each Originating Plaintiff's request for a $7,500 service award, then $430,810 will be shared by the Originating Plaintiffs and the 99 additional Opt-In Plaintiffs who previously joined this lawsuit.[2]

　　Each employee's individual settlement payment depends on the number of weeks

---

[1] The attached settlement agreement is redacted to prevent the public disclosure of the specific settlement payment owed to each of the 101 individuals covered by the settlement.
[2] Any disapproved attorney's fees/expenses or service awards will increase the $439,810 distributed to the 101 individuals covered by the settlement.

1

he/she worked for Turning Points for Children during the covered period of between October 17, 2014 and June 30, 2019. Individual settlement payments will range from a low of $113 to a high of $9,328. The average payment stands at $4,265.

Although the Third Circuit has not addressed the issue, this Court generally reviews FLSA settlements to ensure that they represent "'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" Adams v. Bayview Asset Management, LLC, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (Brody, J.) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); accord Howard v. Philadelphia Housing Authority, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016). In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable for the employee(s);" and (3) "furthers the FLSA's implementation in the workplace." Id. These three requirements apply to FLSA collective settlements.[3] In addition, any requested attorney's fees/expenses and service awards must be reviewed and approved for fairness. See, e.g., Footnote 3 (citing cases).

As discussed in the accompanying brief, the instant settlement resolves disputed FLSA issues and is the product of arms-length bargaining between experienced counsel armed with substantial discovery. In fact, prior to settlement, the parties attended two separate settlement conferences with Magistrate Judge Strawbridge. While settlement was not reached, these conferences laid the foundation for additional litigation

---

[3] See, e.g., Rosario v. First Student Management LLC, 2019 U.S. Dist. LEXIS 79828 (E.D. Pa. May 10, 2019); Teixeira v. Walters & Mason Retail, Inc., 2018 U.S. Dist. LEXIS 153837 (E.D. Pa. Sept. 6, 2018); Fried v. Ideal Concepts Inc., 2018 U.S. Dist. LEXIS 121416 (E.D. Pa. July 17, 2018); Santos v. El Gallito Mexican Bakery II LLC, 2018 U.S. Dist. LEXIS 42363 (E.D. Pa. March 12, 2018).

proceedings and, ultimately, the instant settlement.

Moreover, as discussed in the accompanying brief, the requested attorney's fees/expenses and service awards fall well within the range of awards approved by this Court and are reasonable.

**WHEREFORE**, Plaintiffs request that the Court grant this motion and approve the settlement of this FLSA action. A proposed order is attached.

Date: November 4, 2019                             Respectfully,

*(signature)*

_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*For Plaintiffs*

3