IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVELLA MORRIS and NOEL CORD, on behalf of themselves and others similarly situated,<br><br>v.<br><br>PUBLIC HEALTH MANAGEMENT CORPORATION and TURNING POINTS FOR CHILDREN | 2:17-cv-04620-AB |

## COLLECTIVE ACTION SETTLEMENT AGREEMENT

Originating Plaintiffs (as defined below) and Defendants (as defined below) STIPULATE and AGREE as follows:

1.  **Definitions.** The following terms will have the following meanings:

"**Action**" means the above-captioned action.

"**Agreement**" means this "Collective Action Settlement Agreement."

"**Approval Date**" means the date on which the Court enters an order approving the Settlement as fair and reasonable and dismissing the Action with prejudice.

"**Approval Motion**" means the motion to be filed by Plaintiffs' Counsel attaching a copy of the Agreement and requesting that the Court enter an order approving the Settlement as fair and reasonable and dismissing the Action with prejudice.

"**Court**" means the United States District Court for the Eastern District of Pennsylvania.

"**Defendants**" means Public Health Management Corporation and Turning Points for Children.

"**Defense Counsel**" means Littler Mendelson, P.C.

"**Employer-Side Taxes**" means those payroll taxes and withholdings ordinarily borne by

Defendants pursuant to its ordinary payroll practices (*e.g.*, the employer's share of FICA, FUTA, and state unemployment taxes).

"**Original Plaintiffs**" means Marvella Morris and Noel Cord.

"**Parties**" refers jointly to Plaintiffs and Defendants.

"**Payout Amount**" means, for each Plaintiff, the amount listed on **Exhibit A**. The listed amounts assume the Court will approve Plaintiffs' Counsel's request for $212,190.00 in combined attorney's fees, litigation expenses, and service awards. If the Court disapproves any portion of this request, each Plaintiff's Payout Amount will be increased by an amount representing his/her *pro rata* share of the disapproved monies.

"**Plaintiffs**" means the Originating Plaintiffs and the other 99 individuals who have joined this action pursuant to 29 U.S.C. § 216(b). The 101 Plaintiffs are listed in **Exhibit A**.

"**Plaintiffs' Counsel**" means Winebrake & Santillo, LLC.

"**Released Parties**" means Defendants and any of their parents, franchisors, partners, subsidiaries, owners, officers, directors, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on Defendants' behalf.

"**Settlement**" means the terms and conditions described in this Agreement.

2.  **Maximum Payment Amount.** Defendants' total payment under this Settlement will not under any circumstances exceed $643,000.00 plus any Employer-Side Taxes associated with the Payout Amounts.

3.  **Condition Precedent.** This Settlement is conditioned on passage of the Approval Date.

4.  **Release.** Upon passage of the Approval Date and Defendants' fulfillment of its

payment obligations, each Plaintiff (on behalf of himself/herself and his/her heirs, spouses, executors, assigns, and representatives) releases and forever discharges the Released Parties from all legal or equitable claims (including, but not limited to, claims for the reimbursement of liquidated damages, interest, penalties, attorney's fees and litigation costs and expenses) arising prior to July 1, 2019 and either asserted in or reasonably related to the Action, including all such claims for unpaid regular or overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.*, , or any other federal, state, or local statute, regulation, rule, or common law theory.

5. **Payments to Plaintiffs.** Within 28 calendar days after the Approval Date, Defendants will issue to each Plaintiff via a claims administrator two checks totaling each Plaintiff's Payout Amount as follows: (i) one payroll check in one half (1/2) of the gross amount of his/her Payout Amount[1] as to which an IRS W-2 form will issue and (ii) one non-wages check in one half (1/2) of the gross amount of his/her Payout Amount, as to which a Form 1099 Misc. will issue. These checks will be mailed to each Plaintiff's last known mailing address, as provided to the claims administrator by Plaintiffs' Counsel. If the post office returns any check with a forwarding address, the claims administrator will promptly re-mail the check to the forwarding address. If the post office returns any check without a forwarding address, the claims administrator will work diligently to obtain the Plaintiff's current mailing address and will re-mail the check to any updated address. On or around the date falling 56 calendar days after the Approval Date, Defendants will provide to Plaintiffs' Counsel the names of any Plaintiff who has not cashed

---

[1] The gross amount (i) will be reduced by all taxes and withholdings ordinarily borne by employees pursuant to Defendant's ordinary payroll practices and (ii) will *not* be reduced by Employer-Side Taxes, all of which must be paid by Defendant in addition to the Payout Amount.

his/her checks. Thereafter, Plaintiffs' Counsel will work diligently to contact any such Plaintiff and make sure he/she actually received his/her checks. The Parties will work cooperatively to reissue any uncashed checks that were not initially received by any Plaintiff. On or around the date falling 70 calendar days after the Approval Date, Plaintiffs' Counsel will file with the Court a declaration informing the Court of any settlement checks that remain uncashed and describing the efforts of the claims administrator and Plaintiffs' Counsel's to ensure that each Plaintiff has received his/her settlement check. In the unlikely event that any check remains uncashed 140 calendar days after the Approval Date, the claims administrator will issue a stop payment on the check and the amounts shall revert to Defendants (so that it is available for satisfaction of any future claim by the payee).

6. **Plaintiffs' Counsel's Fees and Expenses.** Plaintiffs' Counsel will seek (and Defendants will not oppose) Court approval of attorney's fees and expenses totaling $197,190.00. Within 28 calendar days after the Approval Date, Defendants will mail to Plaintiffs' Counsel a non-payroll check made payable to Plaintiffs' Counsel and equaling any Court-approved fees/expenses. Defendants will issue to Plaintiffs' Counsel an IRS 1099 Form reflecting such payment, and Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with such payment.

7. **Service Awards.** Plaintiffs' Counsel will seek (and Defendants will not oppose) Court approval of a $7,500.00 service award payment to each Original Plaintiff.[2] Within 28 calendar days after the Approval Date, Defendants will mail to Plaintiffs' Counsel a non-payroll check made payable to each Original Plaintiff and equaling any Court-approved service award. Defendants will issue to each Original Plaintiff an IRS 1099 Form reflecting such payment, and

---

[2] This payment is in addition to each Original Plaintiff's Payout Amount.

each Original Plaintiff is solely responsible for the payment of any taxes associated with such payment.

8.  **Entire Agreement.** This Agreement embodies the entire agreement between the Parties and controls over any prior communications. In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

9.  **Communications with Media.** Originating Plaintiffs and Plaintiffs' Counsel will refrain from issuing any press release addressing the Settlement or contacting media representatives. If contacted by media representatives, Originating Plaintiffs and Plaintiffs' Counsel may state that the Parties amicably resolved the dispute and may direct the media representative to the public record.

10. **Successors.** The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

11. **No Admissions.** Nothing in this Agreement constitutes an admission or suggestion of liability by any Party. Defendants deny any wrongdoing and continue to assert that, absent this Settlement, they ultimately would prevail in the Action.

12. **Court Approval Not Obtained.** If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendants will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims or the propriety of collective litigation.

13. **Duty to Defend.** The Parties will cooperate to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner.

14. **Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that

he/she purports to represent.

15.  **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

16.  **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

17.  **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement. Signatures to this Agreement may be transmitted by facsimile or electronic scan, and such signatures shall be deemed legally valid and binding upon the Party transmitting the same, and such signatures shall be treated as originals.

**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____        10/4/2019
Marvella Morris                                          Date

_____        10/4/2019
Noël Cord                                                   Date

_____        10/4/19
For Winebrake & Santillo, LLC                Date

_____        10-8-19
For Defendant Public Health Management Corporation    Date

_____        10/8/19
For Defendant Turning Points for Children    Date

-6-

# EXHIBIT A

| Name (Last, First) | Payout Amount |
|---|---|
| ▓▓▓ | $8,759.54 |
| ▓▓▓ | $5,460.49 |
| ▓▓▓ | $2,388.96 |
| ▓▓▓ | $1,971.84 |
| ▓▓▓ | $8,456.18 |
| ▓▓▓ | $4,398.73 |
| ▓▓▓ | $9,290.42 |
| ▓▓▓ | $5,346.73 |
| ▓▓▓ | $4,815.85 |
| ▓▓▓ | $3,678.25 |
| ▓▓▓ | $1,516.80 |
| ▓▓▓ | $5,574.25 |
| ▓▓▓ | $2,957.77 |
| ▓▓▓ | $3,829.93 |
| ▓▓▓ | $1,896.00 |
| ▓▓▓ | $3,412.81 |
| ▓▓▓ | $2,957.77 |
| ▓▓▓ | $7,470.26 |
| Cord, Noel | $3,488.65 |
| ▓▓▓ | $9,290.42 |
| ▓▓▓ | $2,957.77 |
| ▓▓▓ | $8,342.42 |
| ▓▓▓ | $1,933.92 |
| ▓▓▓ | $4,019.53 |
| ▓▓▓ | $7,621.94 |
| ▓▓▓ | $9,290.42 |
| ▓▓▓ | $2,995.69 |
| ▓▓▓ | $8,001.14 |
| ▓▓▓ | $1,858.08 |
| ▓▓▓ | $6,787.69 |
| ▓▓▓ | $2,464.81 |
| ▓▓▓ | $4,664.17 |
| ▓▓▓ | $834.24 |
| ▓▓▓ | $2,957.77 |
| ▓▓▓ | $2,388.96 |
| ▓▓▓ | $3,450.73 |
| ▓▓▓ | $7,394.42 |
| ▓▓▓ | $455.04 |
| ▓▓▓ | $1,251.36 |
| ▓▓▓ | $7,128.97 |
| ▓▓▓ | $4,550.41 |
| ▓▓▓ | $5,498.41 |
| ▓▓▓ | $5,195.05 |



# EXHIBIT A

| Name (Last, First) | Payout Amount |
|---|---|
| ▮▮▮ | $9,290.42 |
| ▮▮▮ | $5,498.41 |
| ▮▮▮ | $1,137.60 |
| ▮▮▮ | $796.32 |
| ▮▮▮ | $4,777.93 |
| ▮▮▮ | $1,137.60 |
| ▮▮▮ | $3,905.77 |
| ▮▮▮ | $5,915.53 |
| ▮▮▮ | $417.12 |
| ▮▮▮ | $644.64 |
| ▮▮▮ | $8,456.18 |
| ▮▮▮ | $1,782.24 |
| ▮▮▮ | $3,564.49 |
| ▮▮▮ | $113.76 |
| ▮▮▮ | $9,290.42 |
| ▮▮▮ | $303.36 |
| ▮▮▮ | $3,716.17 |
| ▮▮▮ | $3,412.81 |
| ▮▮▮ | $3,374.89 |
| ▮▮▮ | $910.08 |
| Morris, Marvella | $8,835.38 |
| ▮▮▮ | $2,123.52 |
| ▮▮▮ | $5,839.69 |
| ▮▮▮ | $2,313.12 |
| ▮▮▮ | $3,299.05 |
| ▮▮▮ | $6,863.53 |
| ▮▮▮ | $9,328.34 |
| ▮▮▮ | $5,763.85 |
| ▮▮▮ | $2,844.01 |
| ▮▮▮ | $2,616.49 |
| ▮▮▮ | $2,957.77 |
| ▮▮▮ | $1,554.72 |
| ▮▮▮ | $2,957.77 |
| ▮▮▮ | $8,456.18 |
| ▮▮▮ | $2,957.77 |
| ▮▮▮ | $1,403.04 |
| ▮▮▮ | $2,957.77 |
| ▮▮▮ | $1,858.08 |
| ▮▮▮ | $1,023.84 |
| ▮▮▮ | $4,398.73 |
| ▮▮▮ | $5,612.17 |
| ▮▮▮ | $5,308.81 |
| ▮▮▮ | $4,550.41 |



# EXHIBIT A

| Name (Last, First) | Payout Amount |
|---|---|
| ███ | $9,290.42 |
| ███ | $1,668.48 |
| ███ | $1,820.16 |
| ███ | $2,957.77 |
| ███ | $2,009.76 |
| ███ | $9,290.42 |
| ███ | $2,881.93 |
| ███ | $2,957.77 |
| ███ | $2,957.77 |
| ███ | $5,536.33 |
| ███ | $9,290.42 |
| ███ | $2,957.77 |
| ███ | $6,977.29 |
| ███ | $3,981.61 |
| ███ | $2,957.77 |
| **TOTAL** | **$430,810.00** |