IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARVELLA MORRIS and NOEL
CORD, on behalf of themselves and others : 2:17-cv-04620-AB
similarly situated,
                Plaintiffs,
    v.

PUBLIC HEALTH MANAGEMENT
CORPORATION and TURNING POINTS
FOR CHILDREN,
                Defendants.

## ORDER

AND NOW, this 18th day of November, 2019, upon consideration of Plaintiffs' "Unopposed Motion for Approval of the Settlement" ("Motion"), see Doc. 73, the accompanying "Collective Action Settlement Agreement," see Doc. 73-1, the accompanying Declaration of Peter Winebrake, see Doc. 73-2, the accompanying Memorandum of Law, see Doc. 73-3, and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement of this action, which includes a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq, is **APPROVED**.

Although the Third Circuit has not addressed the issue, this Court generally reviews FLSA settlements to ensure that they represent "'a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" Adams v. Bayview Asset Management, LLC, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014) (Brody, J.) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); accord Howard

1

v. Philadelphia Housing Authority, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016). In this regard, an FLSA settlement will be approved if it: (1) resolves a *bona fide* dispute under the FLSA; (2) is "fair and reasonable for the employee(s);" and (3) "furthers the FLSA's implementation in the workplace." Id. Here, the Court finds that each of these requirements is satisfied with respect to the payments totaling $430,810 to the 101 individuals covered by the settlement.

In addition, courts reviewing FLSA settlement must ensure that the attorney's fees and expenses sought to be recovered by Plaintiff's counsel are reasonable. Here, the settlement provides plaintiffs' counsel from Winebrake & Santillo, LLC with a total payment of $197,190. After reducing this amount by $1,324 in expenses, we are left with $195,866 attorney's fee, which constitutes 30.46% of the total $643,000 settlement fund. This fee is reasonable under the seven described in Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 (3d Cir. 2000). Moreover, the reasonableness of the fee is further confirmed by evidence that the fee results in lodestar multiplier of 1.54, which is within the range of multipliers often approved by courts within the Third Circuit. See In re Prudential Insurance Company America Sales Practice Litig., 148 F.3d 283, 314 (3d Cir. 1998) (lodestar multiples ranging from "one to four are frequently awarded in common fund cases").

Finally, the Court finds that the $7,500 service awards to Originating Plaintiffs Marvella Morris and Noel Cord are reasonable and fall within the range of service awards in other FLSA collective settlements. See Plaintiffs' Memorandum of Law (Doc. 72-3) at p. 18 (citing examples).

Accordingly, the settlement of this action is **APPROVED** and this action is

2

**DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over any disputes pertaining to the enforcement of the settlement.

_____
ANITA BRODY, S.J.

Copies via ECF 11/19/19

3